**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2741-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

DANIELLE SMALL,

    Defendant-Appellant.

_____

Submitted October 17, 2024 – Decided October 25, 2024

Before Judges Natali and Vinci.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 15-08-1931.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique Moyse, Designated Counsel, on the brief).

Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Braden Couch, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Danielle Small appeals from the March 8, 2023 order denying her petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm substantially for the reasons set forth in Judge Ronald D. Wigler's thorough and well-reasoned written opinion.

The State alleged that on March 7, 2014, defendant, who was twenty-five years old at the time, murdered her roommate with a knife, and over the following several days with the assistance of her co-defendant, disposed of the body by removing the victim's limbs with a hatchet and placing the remains in the trash outside her apartment. She was indicted for first-degree murder, N.J.S.A. 2C:11-3(a)(1) and (2); two counts of fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); two counts of third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:49-4(d); second-degree desecrating, damaging, or destroying human remains, N.J.S.A. 2C:22-1(a)(2); and third-degree hindering apprehension, N.J.S.A. 2C:29-3(b)(4).

On June 20, 2016, defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1); two counts of fourth-degree unlawful possession of a weapon; and second-degree desecrating, damaging, or destroying human remains. In exchange, the State agreed to recommend a sentence of twenty years subject to the No Early Release Act, N.J.S.A. 2C:43-

2

7.2, for first-degree manslaughter, with concurrent sentences on the remaining counts.

At the plea hearing before Judge Wigler, defendant testified she stabbed her roommate with a knife multiple times during or after an argument over rent money. After realizing the victim died, defendant obtained a hatchet, and from March 7 through 10, 2014, she and her co-defendant used the hatchet to remove the victim's hands and feet to dispose of the body. They then placed the remains in a garbage bag outside her apartment where the trash was collected. Defendant testified she understood every aspect of the plea agreement, was satisfied with the services of defense counsel, and had enough time to meet with defense counsel to discuss her case. The judge accepted the plea, finding defendant entered the plea freely and voluntarily, had the advice of very competent counsel with whom she was fully satisfied, and provided an adequate factual basis.

On August 2, 2016, the court sentenced defendant in accordance with the plea agreement. On direct appeal, we affirmed the sentence on the sentencing oral argument calendar. State v. Small, No. A-1008-16 (App. Div. Jan. 12, 2017).

On September 28, 2021, defendant filed a pro se petition for PCR. Defendant asserted she did "not seek to withdraw her guilty plea" but requested

that her "sentence be modified."  She argued defense counsel was ineffective because she failed to:  (1) "advance any mitigating factors" at sentencing including mitigating factor seven, N.J.S.A. 2C:44-1(b)(7) (no history of prior delinquency or criminal activity); (2) "investigate [her] alibi where she was at a friend's house at the time of the incident"; (3) argue that her "co-defendant changed his statement three times before negotiating a better plea for himself"; or (4) "research and develop issues relating to the development of the adolescent brain" and "provide evidence relating to [her] age [twenty-five] at the time of the offense."

After PCR counsel was appointed, defendant filed a supplemental brief contending she was denied effective assistance of counsel because trial counsel failed to properly investigate and prepare her case through sentencing. Specifically, that defense counsel failed to:  (1) "properly and effectively communicate with [her] during the litigation and only visited her sparingly"; and (2) investigate her alibi defense.

On March 8, 2023, Judge Wigler heard oral argument on the petition for PCR and entered an order denying defendant's petition supported by a written opinion.  The judge found defendant's petition was time-barred because it was

filed more than five years after the judgment of conviction was entered and she failed to set forth facts sufficient to establish excusable neglect.

The judge also found defendant failed to show a reasonable probability that enforcement of the time bar would result in a fundamental injustice. Addressing the merits of her claims, the judge found she failed to present a prima facie claim in support of PCR. He found defendant's claims that her counsel failed to meet and communicate with her were contradicted by her testimony at the plea hearing and were otherwise unsupported. He also found there "was no credible alibi defense in the case, especially given [defendant's] admission under oath at the plea hearing that she killed her roommate," and counsel's decision not to advance a weak defense was a strategic decision that should not be second guessed on PCR. The judge rejected defendant's claim that counsel failed to argue her co-defendant "changed his story three times" because "there would be no basis to make such arguments until [defendant] took her case to trial and her co-defendant testified against her."

The judge found defendant's claim that counsel failed to argue for application of mitigating factor seven or for mitigation based on defendant's age was not supported by the record. He noted that at sentencing, counsel argued defendant:

A-2741-22

Has made it to the age of [twenty-eight] with absolutely no juvenile record and no prior indictable convictions; two prior arrests, one for a case that was ultimately completely dismissed and one for an offense of not returning library books.

That[ is] the extent of her criminal record. . . . She[ is] [twenty-eight] years old, I could offer the [c]ourt no explanation for what happened here. I do[ not] think anyone can, but I would ask the [c]ourt to take into consideration given the fact that she has made it to [twenty-eight] years of age with virtually no involvement with the criminal justice system, that whatever happened on March 7[] . . . is certainly a circumstance unlikely to recur.

Defendant raises the following points for our consideration on appeal.

POINT ONE

[DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIMS THAT HER ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL AT SENTENCING BY FAILING TO ADVOCATE ADEQUATELY AS TO MITIGATING FACTORS, AND PRETRIAL BY FAILING TO INVESTIGATE, COMMUNICATE, VISIT, OR ADVOCATE ADEQUATELY, ALL OF WHICH LED TO A HIGHER SENTENCE THAN SHE OTHERWISE WOULD HAVE RECEIVED.

A.    Counsel Rendered Ineffective Assistance at Sentencing

B.    Counsel Rendered Ineffective Assistance Pretrial

POINT TWO

THE PCR COURT ERRONEOUSLY RULED THAT [DEFENDANT'S] PETITION WAS TIME-BARRED BECAUSE ANY DELAY IN FILING THE PETITION WAS DUE TO THE DEFENDANT'S EXCUSABLE NEGLECT AND THERE IS A REASONABLE PROBABILITY THAT IF THE DEFENDANT'S FACTUAL ASSERTIONS WERE FOUND TO BE TRUE, ENFORCEMENT OF THE TIME BAR WOULD RESULT IN A FUNDAMENTAL INJUSTICE.

We review the denial of PCR without an evidentiary hearing de novo. State v. Harris, 181 N.J. 391, 421 (2004).[1] Because the PCR judge did not hold an evidentiary hearing, we review both the factual inferences drawn by the judge from the record and the judge's legal conclusions de novo. State v. Aburoumi, 464 N.J. Super. 326, 338 (App. Div. 2020); see also State v. Nash, 212 N.J. 518, 540-41 (2013). A defendant bears the burden of establishing a prima facie claim. State v. Gaitan, 209 N.J. 339, 350 (2012). A defendant must "do more than

---

[1] To establish a PCR claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test formulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987), first by "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment," then by proving he suffered prejudice due to counsel's deficient performance. Strickland, 466 U.S. at 687; see also Fritz, 105 N.J. at 52. Defendant must show by a "reasonable probability" that the deficient performance affected the outcome of the proceeding. Fritz, 105 N.J. at 58.

7

make bald assertions that [they were] denied the effective assistance of counsel" to establish a prima facie claim. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). "The failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, the defendant must demonstrate "how specific errors of counsel undermined the reliability of the" proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984); see also Fritz, 105 N.J. at 52 ("[P]rejudice must be proved . . . it is not presumed."). "The test is not whether defense counsel could have done better, but whether [they] met the constitutional threshold for effectiveness." Nash, 212 N.J. at 543. The court should review counsel's performance in the context of the evidence against defendant at the time of the plea or trial. State v. Castagna, 187 N.J. 293, 314-15 (2006).

Procedural bars to PCR exist "'to promote finality in judicial proceedings.'" State v. Goodwin, 173 N.J. 583, 593 (2002) (quoting State v. McQuaid, 147 N.J. 464, 483 (1997)). Pursuant to Rule 3:22-12, a first petition

for PCR cannot be filed more than five years after the date of entry of the judgment of conviction that is being challenged.

The time bar may be relaxed if the petitioner can show that the delay beyond five years was due to excusable neglect and that enforcement of the time bar would result in a fundamental injustice. In determining whether to relax the time bar, a court considers: (1) the extent and cause of the delay; (2) the prejudice to the State; and (3) the merits of the defendant's claim. State v. Afanador, 151 N.J. 41, 52 (1997). Only exceptional circumstances will permit relief from the time bar. Ibid. To establish "excusable neglect" petitioner must do "more than simply provid[e] a plausible explanation for a failure to file a timely PCR petition." State v. Norman, 405 N.J. Super. 149, 159 (App. Div. 2009).

Even where excusable neglect is established, a petitioner must also show that a fundamental injustice would result if the time bar were to be enforced. Where the deficient representation of counsel affected "'a determination of guilt or otherwise wrought a miscarriage of justice,'" a procedural rule otherwise barring PCR may be overlooked to avoid a fundamental injustice. State v. Brewster, 429 N.J. Super. 387, 400 (App. Div. 2013) (quoting State v. Mitchell, 126 N.J. 565, 587 (1992)).

9

An evidentiary hearing is warranted only when "'a defendant has presented a prima facie [claim] in support of [PCR],'" meaning a "defendant must demonstrate a reasonable likelihood that [their] . . . claim will ultimately succeed on the merits." Marshall, 148 N.J. at 158 (quoting State v. Preciose, 129 N.J. 451, 462-63 (1992)). A PCR court's decision to proceed without an evidentiary hearing is reviewed for an abuse of discretion. Brewster, 429 N.J. Super. at 401.

We are satisfied Judge Wigler correctly determined defendant failed to establish a prima facie claim of ineffective assistance of counsel and did not misapply his discretion by denying defendant's request for an evidentiary hearing. Defendant's claims that defense counsel failed to meet and communicate with her are directly contradicted by her testimony at the plea hearing and are not supported by competent evidence in the record. Likewise, her claims that counsel failed to argue for mitigating factor seven or for mitigation based on her age are inconsistent with the record.

Defendant's claim that counsel should have investigated her alibi defense lacks merit. There would have been no good faith basis to advance such a defense given defendant's admission of guilt, which she does not seek to withdraw. "The failure to raise unsuccessful legal arguments does not constitute

ineffective assistance of counsel." Worlock, 117 N.J. at 625. We are also satisfied the court correctly determined defendant's petition was time-barred because she failed to establish excusable neglect and enforcement of the time bar would not result in a fundamental injustice.

To the extent we have not addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION